ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 22 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| EDWARD J. ANDERSON, II, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION FILE NO. |
| | * | |
| THE CITY OF LITHONIA, | * | |
| DAROLD P. HONORE and | * | 1:06-CV-1964 |
| WILLIE J. ROSSER, | * | |
| | * | BBM |
| Defendants. | * | |

## COMPLAINT

COMES NOW the Plaintiff and files this Complaint against the Defendants, showing the Court as follows:

### INTRODUCTION

1.

This is a **42 U.S.C. §1983** action arising from the Defendants' false arrest and imprisonment, malicious prosecution, and unreasonable seizure of the Plaintiff in violation of the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiff has also alleged pendant state law claims for false or malicious arrest, false imprisonment, malicious prosecution, negligence, breach of contract, unjust enrichment, and violations of the Georgia Constitution.



## JURISDICTION AND VENUE

2.

This action is brought pursuant to 42 U.S.C. §§1983 and 1988, as well as the Fourteenth Amendment of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331, §1343, and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the pendant or supplemental jurisdiction of this Court to decide claims arising under state law pursuant to 28 U.S.C. §1367.

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 and other applicable law because the cause of action arose in Dekalb County, Georgia, which is situated within the district and divisional boundaries of the Atlanta Division of the Northern District of Georgia, and because one or more of the Defendants is domiciled within said District and Division.

4.

All of the parties herein are subject to the jurisdiction of this Court.

## PARTIES

5.

Plaintiff Edward J. Anderson, II, is a citizen of the United States and a resident of Georgia who has asserted the claims set forth herein, some of which are being

raised for the first time and some of which were asserted in a prior dismissed action, *Anderson v. City of Lithonia*, Dekalb Superior Court, Case No. 04-6622-10, and have been properly refiled under O.C.G.A. §9-11-41 and other applicable law.

6.

Plaintiff's interest in this action is presently held by Tamara Miles Ogier as, and only as, the duly appointed Trustee assigned to Plaintiff Edward J. Anderson II's Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 04-95513-CRM. Said case was reopened by Order of the Bankruptcy Court in July 2006 to allow the Trustee to pursue this cause of action. The Bankruptcy Trustee has employed the undersigned counsel with the approval of the Bankruptcy Court. As the real party in interest, said Trustee hereby consents that this action proceed in the name of Plaintiff Edward J. Anderson, II, under F.R.C.P. Rules 17(a) and 25(c).

7.

Defendant City of Lithonia is a duly chartered and existing municipal corporation under the laws of the state of Georgia which has the capacity to sue and be sued, which may be served through its Mayor, Darold Honore, at 6980 Main Street, Lithonia, Georgia 30058, and which is subject to the jurisdiction of this Court.

8.

Defendant Darold P. Honore is an individual being sued in both his individual and official capacities, who was, at all times relevant herein, the duly elected and sworn Mayor of the City of Lithonia, acting within the scope of said office, who may be personally served at 6980 Main Street, Lithonia, Georgia 30058, or alternatively served by First Class Mail pursuant to F.R.C.P. 4(d), and who is subject to the jurisdiction of this Court.

9.

Defendant Willie J. Rosser is an individual being sued in both his individual and official capacity who was, at all times relevant herein, the duly appointed and sworn Chief of Police for the City of Lithonia acting within the scope of said office, who may be personally served at 6980 Main Street, Lithonia, Georgia 30058, or alternatively served by First Class Mail pursuant to F.R.C.P. 4(d), and who is subject to the jurisdiction of this Court.

10.

At all times relevant herein, the above-named Defendants acted under color of state law and on behalf of the City of Lithonia.

## FACTUAL ALLEGATIONS

11.

In the summer of 2003, Plaintiff Anderson organized, promoted and produced a city-sponsored summer concert series under a verbal agreement between Plaintiff Anderson and Defendant City of Lithonia.

12.

It was agreed between Plaintiff and city officials that Plaintiff Anderson would perform various services as a concert and music promoter, including but not limited to securing sponsorships, booking performers, and every aspect of the production, promotion and marketing of the concerts.

13.

After the completion of the 2003 summer concert series, Plaintiff Anderson and Defendant Honore, who was then a candidate for mayor of Lithonia, had conversations about repeating the concert series in the summer of 2004.

14.

After being elected mayor, Defendant Honore assured Plaintiff Anderson that his contract was being renewed and that he would get the City Council to formalize and approve a written contract for the 2004 concert series.

15.

At a meeting in Plaintiff Anderson's home in December 2003, Defendant Honore told Plaintiff that the City of Lithonia was going to provide Plaintiff with an office in City Hall Annex and computer equipment to be used in promoting the City and the concert series, and Plaintiff began working out of said office in January 2004.

16.

From approximately January 2004 to May 2004, Plaintiff Anderson substantially performed his duties under the agreement, including but not limited to, securing sponsorships, scheduling dates, and booking acts for the 2004 summer concert series out of his office in City Hall, in reliance upon the representations of Defendant Honore that Plaintiff Anderson's contract was being extended, and that approval by the City Council was a mere formality, which was forthcoming.

17.

Plaintiff Anderson's reliance upon said representations was reasonable under the circumstances, and said Defendants were aware of said reliance by Plaintiff.

18.

All services performed by Plaintiff Anderson in connection with the 2004 summer concert series were performed with the expectation that he would be compensated for such services.

19.

Plaintiff Anderson's expectation of compensation was reasonable under the circumstances, and said Defendants were aware of said expectation by Plaintiff.

20.

In or about May 2004, Defendants Honore and the City of Lithonia let it be known that they were hiring another promoter for the 2004 summer concert series, despite their past assurances to Plaintiff Anderson, despite the fact that he had substantially performed his duties in reliance upon such assurances, and despite the fact that said Defendants had given Plaintiff an office in City Hall to work out of while performing the aforementioned services.

21.

Defendants Honore and the City of Lithonia unilaterally withdrew from their agreement with Plaintiff Anderson, refused to allow him to complete the performance of his remaining duties as promoter of the 2004 concert series, took away his office at City Hall, and refused to compensate him for the services he had already performed in connection with the 2004 concert series, despite the fact that the City had already derived substantial benefit from those services.

22.

Plaintiff Anderson subsequently retained legal counsel to present a claim for compensation to Defendants Honore and the City of Lithonia, and several letters were exchanged between Plaintiff's counsel and said Defendants without any compensation being paid or offered to Plaintiff.

23.

Defendant Honore retaliated by arranging to have Plaintiff Anderson arrested on false pretenses.

24.

On or about June 4, 2004, Defendant Honore directed or requested the City's police chief, Defendant Rosser, to obtain a warrant to search Plaintiff's home for city property and to arrest him for theft of city property.

25.

In accordance with Defendant Honore's wishes, Defendant Rosser gave false testimony in order to obtain search and arrest warrants for Plaintiff Anderson, falsely stating that he had personal knowledge that certain computer equipment had been removed from City Hall and was believed to be in the Plaintiff's possession, when in fact, Defendant Rosser had no such personal knowledge and in fact, no such items had been removed from City Hall.

26.

The aforementioned actions of Defendants Honore and Rosser caused Plaintiff Anderson to be falsely arrested and imprisoned, pursuant to said falsely procured arrest warrant, despite the fact that no stolen property was found in Plaintiff's home, and despite the fact that the property which was the subject of the search had not been stolen in the first place.

27.

Not only had the property not been stolen, but it had never left City Hall - a fact which Defendants Honore and Rosser either knew, or should have known, considering that their offices were located in City Hall and they could have gained access to the subject property at any time, without bringing unfounded criminal charges against Plaintiff Anderson.

28.

As a result of the aforementioned conduct of Defendants Honore and Rosser, Plaintiff was taken into police custody and detained or incarcerated for a total of approximately fourteen (14) hours before he could be released on a bond.

29.

Despite the fact that charges brought against Plaintiff were patently false and unsupported by probable cause, Defendants Honore and Rosser failed to request that said charges be dropped and took affirmative steps to prosecute Plaintiff Anderson.

30.

By reason of the false testimony of Defendant Rosser and his refusal to drop the false and unfounded charges which he had brought against the Plaintiff at the instigation of Defendant Honore, the prosecution of Plaintiff Anderson remained pending until August 26, 2004, at which time the charges were ultimately terminated in Plaintiff Anderson's favor when they were dismissed by Judge Alan Harvey of the Dekalb County Magistrate Court.

31.

In order to defend himself against the false and unfounded charges brought against him by said Defendants, Plaintiff Anderson found it necessary to retain legal counsel and to incur legal fees for such representation.

32.

As a result of the aforementioned false and unfounded charges, Plaintiff Anderson was publicly humiliated, was damaged in his business and reputation, and was forced to endure extreme emotional distress.

## THEORIES OF RECOVERY

33.

The aforementioned misconduct of Defendants Honore and Rosser constituted an unreasonable seizure of the Plaintiff's person in violation of the Fourth Amendment of the United States Constitution, for which said Defendants are liable to the Plaintiff in an amount to be proven at trial.

34.

The aforementioned misconduct of Defendants Honore and Rosser constituted a denial of due process in violation of the Fourteenth Amendment of the United States Constitution, for which said Defendants are liable to the Plaintiff in an amount to be proven at trial.

35.

The law being clearly established in 2004 that a police officer may not give perjured testimony in support of an application for an arrest warrant or otherwise cause a person to be arrested without arguable probable cause, and said clearly established law having provided fair warning to Defendant Rosser that such conduct was unlawful, Defendant Rosser is not entitled to qualified immunity under federal law.

36.

The law being clearly established in 2004 that a police officer may not give perjured testimony in support of an application for an arrest warrant or otherwise cause a person to be arrested without arguable probable cause, and said clearly established law having provided fair warning to Defendant Honore and his advisors that it was unlawful to aid or abet such unlawful misconduct, Defendant Honore is likewise not entitled to qualified immunity under federal law.

37.

At all times relevant herein, Defendant Rosser acted as a final decisionmaker for Defendant City of Lithonia and/or pursuant to the customs, policies, and practices of Defendant City of Lithonia such that the City is liable for any and all federal constitutional violations committed against the Plaintiff by Defendant Rosser.

38.

At all times relevant herein, Defendant Honore acted as a final decisionmaker for Defendant City of Lithonia and/or pursuant to the customs, policies, and practices of Defendant City of Lithonia such that the City is liable for any and all federal constitutional violations committed against the Plaintiff by Defendant Honore.

39.

The aforementioned misconduct of Defendants Honore and the City of Lithonia constituted breach of contract under Georgia law, for which said Defendants are liable to the Plaintiff in an amount to be proven at trial.

40.

Alternatively, the aforementioned misconduct of Defendants Honore and the City of Lithonia constituted unjust enrichment under Georgia law, for which said Defendants are liable to the Plaintiff in an amount to be proven at trial.

41.

Defendant City of Lithonia is not entitled to sovereign immunity under Georgia law with respect to Plaintiff's claims for breach of contract and unjust enrichment.

42.

The aforementioned misconduct of Defendants Honore and Rosser, in having Plaintiff Anderson arrested and prosecuted, constituted the torts of false or malicious arrest, false imprisonment, malicious prosecution and/or negligence under Georgia law, for which said Defendants are liable to the Plaintiff in an amount to be proven at trial.

43.

The aforementioned misconduct of Defendants Honore and Rosser also constituted an unreasonable seizure, unlawful detention, and violation of the oath of a public official, in violation of the applicable provisions of the Georgia Constitution and other applicable law, for which said Defendants are liable to the Plaintiff in an amount to be proven at trial.

44.

Defendants Honore and Rosser having acted willfully, spitefully and with specific intent to cause harm to the Plaintiff and his business, said Defendants are not entitled to official immunity under Georgia law.

45.

To the extent that it is insured or self-insured for the tort and constitutional claims asserted by Plaintiff Anderson under Georgia law, Defendant City of Lithonia is not entitled to sovereign immunity with respect to those claims and is vicariously liable for the aforementioned actions of Defendants Honore and Rosser as agents of the City of Lithonia.

46.

Plaintiff Anderson has provided the requisite *ante litem* notice, to the extent that such notice is necessary, with respect to the Plaintiff's tort claims against Defendant City of Lithonia arising under Georgia law

47.

As a sole, direct and proximate result of the above described misconduct of the Defendants, Plaintiff Edward Anderson was unreasonably and unlawfully arrested without probable cause, was falsely and unlawfully imprisoned and deprived of his liberty, was maliciously prosecuted, was caused to suffer damage to his personal and business reputation, was forced to endure public humiliation and extreme mental pain and suffering, was forced to incur special damages, including but not limited to, necessary expenses for legal representation and a bail bond, and was deprived of compensation which he was due for his service to the City of Lithonia, all of which will be itemized at the appropriate time and proven at trial, for which the Plaintiff shall be entitled to an award of compensatory damages under both federal and state law to be determined by the enlightened conscience of fair and impartial jurors.

48.

At all times relevant herein, Defendants Honore and the City of Lithonia acted in bad faith, were stubbornly litigious, and put the Plaintiff to unnecessary time and

expense with respect to their underlying business dispute with Plaintiff Anderson, thereby entitling Plaintiff to recover attorney's fees and reasonable expenses of litigation under O.C.G.A. §13-6-11.

49.

The aforementioned misconduct of Defendants Honore and Rosser in causing the arrest and prosecution of Plaintiff Anderson rose to such a level of bad faith, willfulness, and reckless disregard for the consequences, as to authorize the imposition of punitive damages against said Defendants to the extent permitted by federal and state law.

50.

With respect to the federal constitutional claims, Plaintiff is also entitled to recover reasonable attorney's fees and expenses of litigation pursuant to 28 U.S.C. §1988.

**WHEREFORE**, Plaintiff demands the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of the Plaintiff and against the Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

c)  That the Plaintiff be awarded attorney's fees and reasonable expenses of litigation;

d)  That all costs of this action be taxed against the Defendants; and,

e)  That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 22 day of August, 2006.

EDMOND & JONES, LLP

RODERICK E. EDMOND
Ga. Bar No. 239618
CRAIG T. JONES
Ga. Bar No. 399476
Attorneys for Plaintiff

The Candler Building
127 Peachtree Street, NE
Suite 410
Atlanta, Georgia 30303
(404) 525-1080